The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Dated: July 16 2024

John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 24-30451 |
| | ) | |
| Christine E. Henneman, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge John P. Gustafson |
| | ) | |

### MEMORANDUM OF DECISION AND ORDER RE: CREDITOR'S OBJECTION TO DEBTOR'S MOTION TO AVOID JUDICIAL LIEN

This case comes before the court on Debtor's Motion to Avoid the Judgment Lien held by Creditor ("Motion"), filed on March 14, 2024. [Doc. #6]. On April 2, 2024, Creditor Alva A. Gard filed an Objection to Debtor Christine E. Henneman's Motion to Avoid Judicial Lien ("Objection") filed on April 2, 2024. [Doc. #12]. At the hearing on the Motion, the court permitted Creditor to amend and/or supplement the record by filing a copy of a judgment entry from Wood County, which was filed by Creditor on May 6, 2024. [Docs. ## 21-22].

# FACTS

The parties "were previously in a romantic relationship that ceased around October of 2017." [Doc. #12]. At some point, Creditor ceased residing at 29121 E. Broadway, Walbridge, OH 43465 (Parcel: H-28-712-0700-00-0420000) (the "Property"). In 2015, Debtor was facing a residential foreclosure and Creditor agreed to provide "$88,648 to pay off the mortgage in exchange for the home to be placed in both [the parties'] names, which never came to fruition." [*Id.*]

On November 6, 2023, Creditor "filed a lawsuit seeking a claim for unjust enrichment" [Doc. #12], in which the Wood County Court of Common Pleas granted "a judicial lien in and on the real property used as Debtor's residence" [Doc. #6] for the "amount of $51,629.29 with statutory interest from" November 14, 2023 (the "Judgement"). [Docs. #22]. On March 12, 2024, Creditor initiated foreclosure on the Judgement in the Wood County Court of Common Pleas. [Doc. #12].

"Debtor filed a chapter seven bankruptcy on March 14, 2024, under chapter 7 of Title 11, of the United States Code." [Doc. #6]. At the time of filing, the Property was the Debtor's residence. [Doc. #6]. Debtor filed her Motion to Avoid Lien with Creditor on the same day as the Petition. [*Id.*]. Creditor filed his Objection on April 2, 2024. [Doc. #12]. And on June 20, 2024, this court issued a discharge order generally extinguishing Debtor's personal liability on her discharged debts. [Doc. #27].

# LAW AND ANALYSIS

## I. Judicial Lien Avoidance

The filing of a petition for relief under the Bankruptcy Code creates a bankruptcy estate comprised of "all legal or equitable interests of the debtor in property as of the commencement of

2

24-30451-jpg    Doc 29    FILED 07/16/24    ENTERED 07/16/24 16:47:14    Page 2 of 8

the case" wherever located and by whomever held. 11 U.S.C. §541(a)(1). The Bankruptcy Code authorizes a debtor to "exempt" certain property from the estate. 11 U.S.C. §522(b); *Law v. Siegel*, 571 U.S. 415, 417 (2014); *Holland v. Star Bank, N.A.* (*In re Holland*), 151 F.3d 547, 548 (6th Cir. 1998). "Pursuant to §522(b)(2), a debtor may claim federal exemptions set forth in §522(d) so long as the applicable state has not 'opted-out' and enacted its own exemptions." *In re Nadeau*, 2022 WL 456708 at *2, 2022 Bankr. LEXIS 363 at *5 (Bankr. N.D. Ohio Feb. 14, 2022). "Ohio has opted-out of the federal exemptions." *Id.* Accordingly, Debtor claimed her exemptions under Ohio law. [Doc. #1, p. 16].

Debtor claimed an exemption in her residence under Ohio's homestead exemption, O.R.C. §2329.66(A)(1). Under this statutory provision, a person may exempt "the person's interest, not to exceed [$161,375.00[1]], in one parcel or item of real or personal property that the person . . . uses as a residence." O.R.C. §2329.66(A)(1)(b).

Debtor's Motion seeks to avoid Creditor's judgment lien on the Property under §522(f). Three conditions must be met to avoid a judgment lien under §522(f)(1): "(1) the lien must be a judicial lien; (2) the lien must attach to a debtor's pre-existing interest in property; and (3) the lien

---

1/ Ohio law allows for routine adjustment of the exemption amount:

> (B) On April 1, 2010, and on the first day of April in each third calendar year after 2010, the Ohio judicial conference shall adjust each dollar amount set forth in this section to reflect the change in the consumer price index for all urban consumers, as published by the United States department of labor, or, if that index is no longer published, a generally available comparable index, for the three-year period ending on the thirty-first day of December of the preceding year.

> The Ohio judicial conference shall prepare a memorandum specifying the adjusted dollar amounts. The judicial conference shall transmit the memorandum to the director of the legislative service commission, and the director shall publish the memorandum in the register of Ohio. (Publication of the memorandum in the register of Ohio shall continue until the next memorandum specifying an adjustment is so published.)

Ohio Rev. Code § 2329.66(B). Although the adjusted amounts do not appear in the statutory text, they may be found in the memorandum published in the register of Ohio. Public Notices, *Ohio Judicial Conference RC 2329.66 Memorandum*, https://www.registerofohio.state.oh.us/ (last visited July 8, 2024). The homestead exemption amount at the time of Debtors' filing was $161,375.00.

3

must impair an exemption to which debtor would otherwise be entitled." *In re Moody*, 2021 WL 4483981 at *2, 2021 Bankr. LEXIS 2708 at *5 (Bankr. N.D. Ohio Sept. 30, 2021). "It is a debtor's burden to establish that each of these conditions exist." *Id.* A debtor may avoid a judicial lien if it impairs an exemption to which a debtor is entitled. 11 U.S.C. §522(f)(1)(A); *In re Holland*, 151 F.3d at 549.

The parties agree that Creditor has a "judicial lien" attached to the Property. Debtor has also submitted a valuation of the Property to be used in calculating the impairment. [Doc. #6, Exs. B-C]. The fair market value of the Property, as reflected in the appraisal, was $132,500. The debtor also included auditor's valuation of $150,300. The appraisal carries far more weight on valuation than the auditor's number, but because the auditor's number is higher – but does not change the result – the court will use the $150,300 figure as the Property's value in its calculation.

The next determination is to calculate the exemption impairment. *In re Williams*, 2015 WL 3940602 at *3, 2015 Bankr. LEXIS 2078 at *6-7 (Bankr. N.D. Ohio June 25, 2015). Impairment is determined by first calculating the sum of Creditor's lien, all other liens, and Debtor's exemption:

| | |
|---|---|
| Creditor's lien: | $51,629.29 |
| All other liens: | $0.00 |
| Exemption: | $161,375.00 |
| Total: | $213,004.29 |

The value of Debtor's interest in the Property is then subtracted to determine whether and to what extent the debtor's exemption is impaired:

| | |
|---|---|
| Less the value of Debtor's interest: | $150,300.00 |
| Impairment: | $62,704.29 |

In simple terms, the amount of the Debtor's Ohio homestead exemption ($161,375) exceeds the value of the real estate, meaning the judgment lien is avoidable as impairing Debtor's

4

exemption – because here the entire value of the homestead (either $132,500 or $150,300) is exempt under Ohio law.

Put more technically, under the above figures, because the amount of the impairment exceeds the amount of Creditor's lien sought to be avoided, the lien would be avoidable in full. *See, In re Holland*, 151 F.3d at 550; *In re Pace*, 569 B.R. 264, 269-71 (6th Cir. BAP 2017). Accordingly, absent some other defense, Creditor's judicial lien is avoidable because it impairs the interest Debtor has claimed as exempt under Ohio Revised Code §2329.66(A)(1)(b).

**II. Equitable Mortgage**

Creditor argues that the "lien should equitably be treated as a mortgage on the home as [Creditor] previously paid off the mortgage, which allowed [Debtor and Debtor's] children to remain in the home and avoid foreclosure." [Doc. #12]. To the extent Creditor seeks imposition of some type of equitable interest, over and above that of a judgment lien, the Sixth Circuit has held that bankruptcy courts may not create those kinds of interests. *See*, *XL/Datacomp, Inc. v. Wilson (In re Omegas Group., Inc.)*, 16 F.3d 1443, 1449, 1451, 1453 (6th Cir. 1994); *Kitchen v. Boyd (In re Newpower)*, 233 F.3d 922, 935–37 (6th Cir. 2000); *Poss v. Morris (In re Morris)*, 260 F.3d 654, 666 (6th Cir. 2001); *In re Richardson*, 216 B.R. 206, 218 (Bankr. S.D. Ohio 1997)("[W]e believe that the Sixth Circuit decision *In re Omegas Group, Inc.*, 16 F.3d 1443 (6th Cir.1994) prohibits this Court from fashioning a postpetition equitable remedy such as a constructive trust or equitable assignment to accommodate the creditor's claim in this case."). The state court granted a judgment, which was recorded as a lien against the Property. This court cannot change the legal character of that interest based on equitable considerations.

Moreover, the case law reflects that judicial lien avoidance under §522(f) is a debtor right that is generally not subject to attacks based on equitable considerations.

For example, in *In re Brock*, the lien creditor, a funeral home, contended that it had "an

equitable exception to the avoidance provisions of § 522(f)." 2001 WL 36390713, at *1, 2001 Bankr. LEXIS 2321 at *2 (Bankr. S.D. Ga. Nov. 16, 2001). The court reasoned that because the debtor claimed a lawful exemption and because no statutory authority for "allowing equitable exceptions to the exemptions claimed by Debtor," (and there was authority to the contrary[2]) that the creditor's lien would be avoided to the extent that it impaired the exemptions to which the debtor was entitled.

Similarly, courts have held that even judgment liens that secured debts that are non-dischargeable can be avoided if they impair a debtor's exemption. For example, the court in *In re Ash* held that the judicial lien was avoidable even though the creditor asserted that the debt was potentially nondischargeable. 166 B.R. 202, 204-05 (Bankr. D. Conn. 1994). Creditor's claim allegedly arose "from damages caused by the debtor's willful and malicious actions." *Id.* at 203; §523(a)(6). The court reasoned that even if the debt was nondischargeable, it would not be "within the categories of nondischargeable debts Congress expressly excepted from the operation of § 522(c)," the debtor's avoidance power was not conditioned upon the debt's dischargeability. *See*, *id.* (citations omitted); *see also*, *In re Hampton*, 104 B.R. 527, 528 (Bankr. M.D. Ga. 1989)(judgment lien based on a debt found to be nondischargeable under §523(a)(6) was avoidable to the extent that it impaired the debtor's homestead exemption); *In re Boucher*, 336 B.R. 27, 29 (Bankr. D. Conn. 2005)(granting debtor's motion for lien avoidance when creditor argued the debt was nondischargeable due to fraud); *In re Desai*, No. 6:05-BK-4071-ABB, 2005 WL 1719318, at *1-2 (Bankr. M.D. Fla. July 20, 2005)(granting debtor's motion for lien avoidance when creditor,

---

2/ *In re Brock*, 2001 WL 36390713, at *2 n.2 (citing *In re Ash*, 166 B.R. 202, 204-05 (Bankr. D. Conn. 1994)(holding that judicial lien may be avoided in its entirety even though debt is potentially nondischargeable); *In re Cross*, 164 B.R. 496, 496-500 (Bankr. E.D. Pa. 1994)(adopting formulation of § 522(f)(l) which eliminates entire judicial lien despite equitable argument of holder of subordinated lien that debtors should be permitted to avoid only their homestead exemption allowance).

6

a municipal government entity, argued the debt was nondischargeable).

Based on these authorities, which reflect the absence of a statutory basis for limiting the Debtor's right to avoid the judgment lien, the court finds that the judicial lien may be avoided in its entirety as impairing the debtor's exemption under §522(d).

### III. Bad Faith

Creditor further argues that Debtor "is again using the bankruptcy system in bad faith to evade foreclosure on her home." [Doc. #12]. Also, that her bankruptcy was filed "in response to [Creditor's] filing of foreclosure 2 days prior . . . [and because Debtor] previously filed for Chapter 13 Bankruptcy in response to foreclosure proceedings on the same property at issue." [*Id.*]. However, (1) Chapter 7 debtors can avoid judgment liens on property claimed as their homestead even if the judgment lien creditor has not commenced foreclosure on the property, *In re Miller*, 198 B.R. 500 (Bankr. N.D. Ohio 1996), and (2), "Congressional intent in enacting § 522(f) in the first place, [] was to provide debtors in a Chapter 7 proceeding with a fresh start and preserve their entitlement to the exemptions provided by § 522." *In re Burns*, 437 B.R. 246, 253 (Bankr. N.D. Ohio 2010). A second bankruptcy filing nearly a decade after a 2015 Chapter 13 case, in response to a foreclosure proceeding, is not prohibited, nor even limited, by statute. Accordingly, the court cannot find bad faith in either Debtor's filing of the bankruptcy, or the Motion to Avoid Judicial Lien.

Even if bad faith were shown, the Supreme Court has made it clear that: "'whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of' the Bankruptcy Code." *Law v. Siegel*, 571 U.S. 415, 421, 134 S.Ct. 1188, 1194, 188 L.Ed.2d 146 (2014). There appears to be no provision in Section 522 that references good or bad faith, or imposes equitable requirements as a prerequisite to its use. Despite the debtor in *Law v. Siegel* having engaged in egregious misconduct that imposed a heavy financial burden on the

trustee and creditors, the Supreme Court upheld debtor's right to his homestead exemption. "[I]n crafting the provisions of § 522, 'Congress balanced the difficult choices that exemption limits impose on debtors with the economic harm that exemptions visit on creditors.'" *Law v. Siegel*, 571 U.S. at 427, 134 S.Ct. at 1197-98. "[I]t is not for the courts to alter the balance struck by the statute." *Id*. The provisions of subsection (f) would appear to be part and parcel of balance of rights that Congress has made part of that statute.

For the foregoing reasons, Debtor's Motion to Avoid Judicial Lien will be granted, and Creditor's judicial lien will be avoided to the extent described above.

Wherefore, it is

**ORDERED** that, Creditor's Objection to Debtor's Motion to Avoid Judicial Lien, [Doc. #12], be, and hereby is, **OVERULED**, and Debtor's Motion to Avoid Judicial Lien [Doc. #6] is hereby **GRANTED**.

**IT IS SO ORDERED.**

###

8

24-30451-jpg    Doc 29    FILED 07/16/24    ENTERED 07/16/24 16:47:14    Page 8 of 8